FILED: BRONX COUNTY CLERK 08/19/2022 07:35 AM    INDEX NO. 812215/2022E
NYSCEF DOC. NO. 1                                 RECEIVED NYSCEF: 08/19/2022

Case 1:22-cv-08294-JLR   Document 1-1   Filed 09/28/22   Page 1 of 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
AIDAR BERLINBAYEV and NAGIMA ALZHAN,

                              Plaintiffs,

    -against-

TURKISH AIRLINES, INC.,

                              Defendant.
------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiffs designate Bronx County as the place of trial.

The basis of venue is: residence of plaintiffs

Plaintiffs reside at:
255 East 164th Street, Apt. 1
County of Bronx

To the above named Defendants:

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       August 18, 2022

                                     _____
                                     MARK E. SEITELMAN LAW OFFICES, P.C.
                                     Attorneys for Plaintiffs
                                     111 Broadway, 9th Floor
                                     New York, New York 10006-1901
                                     (212) 962-2626

TO: TURKISH AIRLINES, INC.
      Robinson Silverman
      1290 Avenue of Americas, 30Fl
      New York, NY 10104

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
AIDAR BERLINBAYEV and NAGIMA ALZHAN,

        Plaintiffs,  VERIFIED COMPLAINT

  -against-

TURKISH AIRLINES, INC.,

        Defendant.
------------------------------------------X

 Plaintiffs, by their attorneys **MARK E. SEITELMAN LAW OFFICES, P.C.**, complaining of the Defendants, respectfully allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF AIDAR BERLINBAYEV

 1. Plaintiffs reside at 255 East 164th Street, Apt. #1, Bronx, New York 10456.

 2. Defendant TURKISH AIRLINES, INC. was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

 3. Defendant TURKISH AIRLINES, INC. has an address on record with the New York State Department of State as follows: Robinson Silverman, 1290 Avenue of Americas, 30 Fl, New York, New York 10104.

 4. Plaintiff, AIDAR BERLINBAYEV, is the son of Serik Berlinbayev, who died December 15, 2019.

 5. Plaintiff, NAGIMA ALZHAN is the widow of Serik Berlinbayev who died December 15, 2019.

6. On December 19, 2019, decedent's body was delivered to defendant at JFK Airport flight TK 12 to arrive at Almaty, Kazakhstan on December 21, 2019.

7. On December 21, 2019, the body of the decedent had not arrived and religious last rites and funeral services could not be performed within 7 days as proscribed by Muslim Law.

8. The body of the decedent was reported as being lost in transit.

9. This plaintiff sustained extreme and serious mental suffering and anguish, and emotional and psychological harm and damage as a result of defendants' negligence in their handling, management and treatment of the body of decedent.

10. This plaintiff sustained extreme and serious mental suffering and anguish, and emotional and psychological harm and damage as a result of defendant's negligence in connection with decedent.

11. As a result, this plaintiff has been damaged in an amount to be determined at trial, and which is in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF AIDAR BERLINBAYEV

12. The foregoing acts constitute mistreatment of a dead body.

13. Such caused injury to this plaintiff.

14. As a result, this plaintiff has been damaged in an amount to be determined at trial, and which is in excess of the

jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF AIDAR BERLINBAYEV

15. The foregoing acts caused and constituted a loss of sepulcher.

16. Such caused injury to this plaintiff.

17. As a result, this plaintiff has been damaged in an amount to be determined at trial, and which is in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF AIDAR BERLINBAYEV

18. The foregoing acts caused this plaintiff to accrue expenses including lodging and food.

19. Such caused injury to this plaintiff.

20. As a result, this plaintiff has been damaged in an amount to be determined at trial, and which is in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF NAGIMA ALZHAN

21. This plaintiff sustained extreme and serious mental suffering and anguish, and emotional and psychological harm and damage as a result of defendants' negligence in their handling, management and treatment of the body of decedent.

22. This plaintiff sustained extreme and serious mental suffering and anguish, and emotional and psychological harm and

damage as a result of defendant's negligence in connection with decedent.

23. As a result, this plaintiff has been damaged in an amount to be determined at trial, and which is in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF NAGIMA ALZHAN

24. The foregoing acts constitute mistreatment of a dead body.

25. Such caused injury to this plaintiff.

26. As a result, this plaintiff has been damaged in an amount to be determined at trial, and which is in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF NAGIMA ALZHAN

27. The foregoing acts caused and constituted a loss of sepulcher.

28. Such caused injury to this plaintiff.

29. As a result, this plaintiff has been damaged in an amount to be determined at trial, and which is in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### ON BEHALF OF NAGIMA ALZHAN

30. The foregoing acts caused this plaintiff to accrue expenses including lodging and food.

31. Such caused injury to this plaintiff.

32. As a result, this plaintiff has been damaged in an amount to be determined at trial, and which is in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
August 18, 2022

                          Yours, etc.,

                          MARK E. SEITELMAN LAW OFFICES, P.C.
                          Attorneys for Plaintiffs
                          111 Broadway, 9th Floor
                          New York, New York 10006-1901
                          (212) 962-2626

## ATTORNEY'S VERIFICATION

MARK E. SEITELMAN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at MARK E. SEITELMAN LAW OFFICES, P.C., attorneys of record for plaintiff. I have read the annexed Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not plaintiff(s) is that plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

Dated:    New York, New York
          August 18, 2022

                                                _____
                                                MARK E. SEITELMAN